J-S15039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS FIORENTINO | : | |
| | : | |
| Appellant | : | No. 2183 EDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002017-2004

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                        **FILED JULY 6, 2022**

Appellant Demetrius Fiorentino appeals *pro se* from the order denying his third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in dismissing his petition without a hearing. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. Briefly, Appellant was sentenced to life in prison after he was convicted of first-degree murder[2] and related offenses in 2005. After this Court affirmed Appellant's judgment of sentence in 2007, our Supreme Court denied his petition for allowance of appeal on April 3, 2008. ***Commonwealth v. Fiorentino***, 1317 EDA 2006 (Pa. Super. filed Sept. 6,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

2007) (unpublished mem.), *appeal denied*, 871 MAL 2007 (Pa. 2008).

Appellant filed a timely PCRA petition in 2009, which the PCRA court denied

after conducting multiple evidentiary hearings. This Court affirmed the PCRA

court's order on appeal. ***See Commonwealth v. Fiorentino***, 2022 EDA 2013

(Pa. Super. filed April 25 , 2014) (unpublished mem.), *appeal denied,* 355 MAL

2014 (Pa. 2014). Appellant subsequently filed an untimely second PCRA

petition in 2016, which was dismissed as untimely on October 24, 2017.

Appellant filed the instant petition, his third, on January 26, 2021. On

August 2, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to

dismiss Appellant's untimely petition without a hearing.[3] Appellant filed a

response on August 21, 2021 in which he argued that his PCRA petition was

untimely due to government interference. On August 30, 2021, the PCRA

court issued an order dismissing Appellant's PCRA petition.

Appellant's notice of appeal was docketed on October 12, 2021. The

PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and

Appellant did not file one. However, the PCRA court issued a Rule 1925(a)

statement indicating that Appellant's petition was untimely filed.[4]

---

[3] The PCRA court initially issued a Rule 907 notice on July 14, 2021 which was sent to Appellant via certified mail. However, after the notice was returned unopened to the clerk of courts on August 2, 2021, the PCRA court issued a new Rule 907 notice giving Appellant an additional twenty-one days to file a response.

[4] The PCRA court stated that Appellant's appeal should be quashed as untimely because it was received by the court on October 12, 2021. ***See*** PCRA Ct. Rule

*(Footnote Continued Next Page)*

On appeal, Appellant has filed a *pro se* brief in which he appears to argue that (1) the Commonwealth and the clerk of courts obstructed justice by preventing Appellant from exercising his appeal rights; and (2) that prior counsel was ineffective for failing to raise his own ineffectiveness in response to the PCRA court's Rule 907 notice. **See** Appellant's Brief at 2-7.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's

_____

1925(a) Statement, 11/9/21. This Court subsequently issued a rule to show cause as to why Appellant's appeal should not be quashed as untimely. **See** Order, 11/29/21. Although Appellant filed a response requesting an extension of time, he did not provide any explanation for the untimely notice of appeal.

However, we note that because Appellant is incarcerated, he is entitled to the benefit of the "prisoner mailbox rule." **See Commonwealth v. Little**, 716 A.2d 1287, 1289 (Pa. Super. 1998) (applying the prisoner mailbox rule to PCRA filings). Under this rule, submissions from an incarcerated litigant are deemed filed when they are deposited into the prison mailing system, or given to prison officials for mailing. **Id.** In making this inquiry, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (emphasis added). Here, Appellant's notice of appeal contains a certificate of service that is dated September 28, 2021. There is no additional documentation indicating when Appellant submitted this mailing to prison officials. However, the envelope containing Appellant's notice of appeal was stamped by the Postal Service on October 1, 2021, one day after the appeal period expired. Given the inherent delays associated with mail delivery and the totality of these circumstances, we conclude that Appellant's *pro se* response must have been deposited for mailing no later than September 29, 2021. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (finding that a *pro se* submission that arrived late for filing was presumed timely despite a lack of supporting documentation based on the date of delivery). Therefore, we conclude that Appellant's notice of appeal was timely filed.

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). Further, it is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered); ***see also*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

With respect to appellate briefs, Pennsylvania Rule of Appellate Procedure 2119(a) states that an appellant must include an argument section which "shall be divided into as many parts as there are questions to be argued;

- 4 -

and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa.R.A.P. 2119(a).  Rule 2119 also requires that "[c]itations of authorities must set forth the principle for which they are cited." Pa.R.A.P. 2119(b).

When an appellant fails to properly develop an issue or cite to legal authority to support his contention, we may find that issue waived. ***Commonwealth v. Williams***, 959 A.2d 1252, 1258 (Pa. Super. 2008); ***see also Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (stating that this Court will not act as counsel for an appellant and develop arguments on an appellant's behalf).

Finally, it is well settled that

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, the record reflects that Appellant's judgment of sentence became final on July 2, 2008.  ***See*** 42 Pa.C.S. § 9545(b)(3).  Therefore, Appellant's instant PCRA petition, filed on June 23, 2021, was facially untimely.

As noted previously, Appellant appears to argue that the Commonwealth interfered with his ability to litigate his appeals and that prior counsel was ineffective. **See** Appellant's Brief at 2-7. However, the precise basis for Appellant's claims is unclear. Although Appellant extensively cites to various decisions and legal precepts surrounding the PCRA, he fails to apply those principles to the instant case. Instead, Appellant's brief consists of sixty-four numbered sections, each of which contain some combination of facts, law, or general points about the PCRA. Further, Appellant's brief does not contain a statement of jurisdiction, a statement of the questions presented, or a summary of the argument, all of which are required by the Rules of Appellate Procedure. **See generally** Pa.R.A.P. 2111(a), 2114, 2116, 2118. Under these circumstances, we conclude that Appellant's claims are waived for lack of development.

Moreover, because Appellant fails to meet his burden to prove that a timeliness exception applies, we agree with the PCRA court that Appellant's petition was untimely. **See Albrecht**, 994 A.2d at 1094; **see also** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Therefore, even if Appellant's underlying claims were properly developed, he would not be entitled to relief. Accordingly, we affirm.

Order affirmed.

Judge Sullivan did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/06/2022